IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN GIBSON, JR. | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-13-2959 |
| | : | |
| | : | |
| UNITED STATES POSTAL SERVICE | : | |
| | : | |

### **MEMORANDUM**

The plaintiff in this case, John Gibson, Jr., was a postal worker with the United States Postal Service ("the Postal Service") at the Clifton East End Postal Station, in Baltimore, Maryland, for eighteen years. (Compl., ECF No. 1, at 2.)[1] Based on several incidents of what the Postal Service believed to be improper conduct,[2] and after a lengthy administrative grievance process, Gibson was removed from his employment. (*Id.* at 3-4.) He challenged the final decision to remove him through the grievance procedure of the "National Agreement," under which his removal was litigated in arbitration between the National Association of Letter Carriers, the union of which Gibson was a member, and the Postal Service. (Arbitration Decision, Def.'s Mot. Ex. 1, ECF No. 7-2, at 1, 11.)[3] The arbitrator upheld Gibson's removal. (*Id.* at 1.) Representing himself, Gibson then filed this action to vacate the arbitration award,

---

[1] The cited page numbers for Gibson's complaint refer to the page numbers assigned by the electronic filing system.
[2] It was alleged, and the final arbitrator found, that Gibson had improperly yelled at and gotten very close to a supervisor when asked to cover another carrier's route, had refused to follow the instructions of a supervisor, had "chest bumped" a supervisor and yelled at him, "What are you going to do now, bitch?," and had sent a letter to the Postal Inspection Service making what was perceived to be a threatening reference to a 1991 incident in which a disgruntled postal employee had shot and killed four other postal workers at a facility in Royal Oak, Michigan. (*See* Arbitration Decision, Def.'s Mot. Ex. 1, ECF No. 7-2, at 4-6, 9.)
[3] "[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)). Gibson's entire complaint centers on the arbitration decision and he does not dispute its authenticity.

seeking reinstatement with the Postal Service. The Postal Service has now filed a motion to dismiss, or, in the alternative, a motion for summary judgment, claiming that Gibson lacks standing to challenge the arbitration award, that he has failed to demonstrate the award should be overturned, and that his complaint is untimely. Because the court finds Gibson does not have standing to challenge the arbitration award, the Postal Service's motion to dismiss will be granted.

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"An individual employee represented by a union . . . generally does not have standing to *challenge*, modify, or confirm an arbitration award because he was not a party to the arbitration." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 131 (4th Cir. 2002) (emphasis added).[4] The

---

[4] Although *Bryant* addresses the ability of a union worker to challenge an arbitration award under § 301 of the National Labor Relations Act, 29 U.S.C. § 185, courts treat § 301 as the analogue to the Postal Reorganization Act,

one exception is when the union has breached its duty of fair representation. *Id.*; *see also Florence v. Potter*, 2003 WL 23892686, at *4 (M.D.N.C. 2003) (holding that a postal worker could not challenge an arbitration award where he had not alleged his union breached its duty of fair representation).[5] Such a breach occurs where the union acts in a "discriminatory, dishonest, arbitrary, or perfunctory" manner. *Bryant*, 288 F.3d at 131 n.3 (quoting *DelCostello v. Teamsters*, 462 U.S. 151, 164 (1983)). Gibson was not a party to the arbitration at issue here. (*See* Arbitration Decision at 1 (listing the parties to arbitration as the United States Postal Service and the National Association of Letter Carriers, AFL-CIO).) Further, he has alleged no facts to make a plausible claim that the union breached its duty of fair representation. In fact, when he does mention the union or its representatives, Gibson appears to allege that, during arbitration, they made the same arguments he now makes or testified to facts favorable to him. (*See* Compl. at 5-7, 10.) Gibson thus does not have standing to bring this lawsuit.[6]

For the reasons stated above, the Postal Service's motion to dismiss will be granted, and Gibson's complaint will be dismissed. A separate order follows.

<u>May 20, 2014</u>     <u>       /s/       </u>
    Date     Catherine C. Blake
     United States District Judge

---

39 U.S.C. § 1208, the statute under which postal employees can bring suit directly against the Postal Service. *See Trent v. Bolger*, 837 F.2d 657, 659, 659 n. 3 (4th Cir. 1988) (noting that "[f]ederal courts have generally applied private sector § 301 law in order to resolve suits brought against the Postal Service under § 1208(b)").
[5] Unpublished cases are cited for the soundness of their reasoning, not for any precedential value.
[6] Gibson claims the Tucker Act, 28 U.S.C. § 1346, provides standing for him to bring his claim. His claim is not cognizable under the Act, however, because it is not a claim for damages from the government. Even though his reinstatement would ultimately require the government to expend money to pay his salary, the thrust of his complaint does not center on money owed to him by the government. *See Doe v. United States*, 372 F.3d 1308, 1312-13 (Fed. Cir. 2004) (holding that the Little Tucker Act provides the district court with jurisdiction to grant equitable relief only where such relief "would give the plaintiff nothing more than an award of damages"); *see also Chin v. United States*, 890 F.2d 1143, 1145-46 (Fed. Cir. 1989) (finding a claim for a violation of a collective bargaining contract is cognizable only under the Postal Reorganization Act, 39 U.S.C. §§ 101-5605, not the Tucker Act).